**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6596**

---

FILIBERTO CAMPOS,

        Petitioner - Appellant,

    v.

WARDEN SHANE JACKSON,

        Respondent - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Joseph Dawson, III, District Judge.  (8:24-cv-03510-JD)

---

Submitted:  December 18, 2025               Decided:  December 23, 2025

---

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Filiberto Campos, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Filiberto Campos seeks to appeal the district court's order accepting the recommendation of the magistrate judge and granting summary judgment to Respondent on Campos's 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on May 29, 2025, and the appeal period expired on June 30, 2025. Campos filed the notice of appeal on July 16, 2025.[*] Because Campos failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Campos could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).